# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

REBECCA RODENAS,

  Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

  Defendant.

Case No. 1:13-cv-538

Beckwith, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

### I. Background

On April 10, 2014, Plaintiff, through counsel, filed a motion seeking an award of $4230.00 in attorney's fees pursuant to the Equal Access for Justice Act, 28 U.S.C. §2412 *et seq.* Plaintiff also requested that the Court award fees directly to her counsel pursuant to an assignment agreement. (Doc. 16).

### II. Analysis

The undersigned has carefully reviewed Plaintiff's fee petition under the Equal Access for Justice Act. Pursuant to that statute, it is clear that Plaintiff is a prevailing party entitled to an award of her fees and expenses. 28 U.S.C. §2412(d)(1)(A). The Court does not find that the position of the United States was substantially justified, or that other circumstances would make an award unjust. *See id.* "[A] party who wins a sentence-four remand order is a prevailing party" for purposes of a fees and costs award under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-02, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) (citing *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 791–92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)).

The motion appears to have been timely filed, within thirty (30) days after the judgment of this Court became final and non-appealable, and the number of hours expended (23.50) is reasonable. In order to determine the total award then, the Court must therefore determine the hourly rate to be used as a multiplier.

Under the EAJA, the amount of attorney fees "shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). A plaintiff seeking a higher hourly rate bears the burden of producing appropriate evidence to support the requested increase. *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). A plaintiff must "produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The Sixth Circuit has noted the Congressional choice not to apply cost of living increases in reenacting the EAJA, holding that "the statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of HHS*, 781 F.2d 545, 547 (6th Cir. 1986).

In this case, Plaintiff seeks compensation at the hourly rate of $180.00 per hour. In support of this higher rate, counsel has submitted his own affidavit, evidence of similar awards in this district, and information regarding attorney fee rates in the Midwest. Additionally, Plaintiff submitted a calculation of $186.33 as the inflated amount of $125.00 from 1996, when Congress last updated the hourly rate, to 2013.

The evidence supporting the prevailing market rate change for attorney fees is relatively broad. Nevertheless, in light of the reasonableness of the rate sought when

considering lawyers of reasonably comparable skill, experience, and reputation and the fact that the fee petition is uncontested, the undersigned finds the evidence submitted to be adequate to support the requested rate of $180.00 per hour.

Having determined that Plaintiff is entitled to a fee award under the EAJA of $4230.00 (23.50 hours x 180.00 per hour), the only remaining issue is to identify the party to whom that award should be made. In general, the fee award belongs to the plaintiff and not to counsel. For that reason, the United States is entitled to an offset in the event that a claimant owes a debt to the United States. *See generally Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). However, it is common for a claimant to execute an assignment of any fee award to his or her attorney. Although Plaintiff has submitted evidence of the assignment of any fee award to her attorney in this case, this Court is without information concerning whether Plaintiff owes a debt to the United States.

The undersigned is persuaded by the decisions of a growing consensus of courts within the Sixth Circuit that "[u]nder *Ratliff*, the proper course is to award fees directly to Plaintiff and remain silent as to the direction of those fees." *Oliver v. Com'r of Soc. Sec.*, 916 F.Supp.2d 834 (S. D. Ohio 2013)(collecting cases and quoting *Cornell v. Com'r of Soc. Sec.*, 2:11-cv-97, 2012 U.S. Dist. LEXIS 6115, at *6-7 (S.D. Ohio May 2, 2012)); *accord Crim v. Com'r of Soc. Sec.,* 2013 WL 3367337 (Dlott, J., adopting same approach over Objections); *see also Cox v. Astrue*, 927 F. Supp.2d 659 (E.D. Ky.2013)(holding that under *Astrue v. Ratliff*, fees should be paid to litigants regardless of whether the Commissioner shows that the plaintiff owes a federal debt or not). The issue of Plaintiff's assignment is a matter of contract law not presented as a dispute before this Court. The fee award neither bars the United States from honoring a valid assignment, nor prevents it from disputing it. Although language in prior R&Rs has

3

suggested that the United States "may" pay the fee directly to counsel once it confirms that no debt is owed, even that language exceeds the scope of the dispute before this Court and may improperly suggest an opinion about an unconsidered issue. *See e.g. Cox,* 917 F. Supp.2d at 662 (suggesting that "any assignment of an EAJA award that predates the actual award of fees is void" under the Anti-Assignment Act, additional citations omitted).

Thus, for the reasons stated, the undersigned will express no opinion concerning the validity of the plaintiff's alleged assignment of the EAJA award, but will instead remain silent as to the payee of the fee award.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Plaintiff's motion for attorney fees (Doc. 16) be **GRANTED** and that Plaintiff be awarded fees and expenses in the amount of $4230.00.

 */s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

REBECCA RODENAS,                               Case No. 1:13-cv-538

       Plaintiff,                              Beckwith, J.
                                                     Bowman, M.J.
    v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).